1

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   MICHAEL CHESS,                          No. 2:13-cv-0192-CMK-P

11              Plaintiff,

12        vs.                                          <u>ORDER</u>

13   J. BAL, et al.,

14              Defendants.

15   _____/

16              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

17   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), motion to

18   proceed in forma pauperis (Doc. 2), and motion for the appointment of counsel (Doc. 5).

19              Plaintiff has not, however, filed a *complete* application to proceed in forma

20   pauperis, along with a certified copy of his trust account statement for the six-month period

21   immediately preceding the filing of the complaint, or paid the required filing fee.  <u>See</u> 28 U.S.C.

22   §§ 1914(a), 1915(a), (a)(2).  Plaintiff will be provided the opportunity to submit either a

23   completed application to proceed in forma pauperis or the appropriate filing fee.  Plaintiff is

24   warned that failure to resolve the fee status of this case within the time provided may result in the

25   dismissal of this action for lack of prosecution and failure to comply with court rules and orders.

26   <u>See</u> Local Rule 110.

1          In addition, the court is required to screen complaints brought by prisoners

2   seeking relief against a governmental entity or officer or employee of a governmental entity.  See

3   28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is

4   frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks

5   monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),

6   (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and

7   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8   8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v.

9   Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are

10  satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

11  upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff

12  must allege with at least some degree of particularity overt acts by specific defendants which

13  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it

14  is impossible for the court to conduct the screening required by law when the allegations are

15  vague and conclusory.

16          Here, plaintiff's complaint fails to meet the requirements of Rule 8.  Rule 8

17  requires a complaint contain a short and plain statement of the claim.  Plaintiff's complaint refers

18  to over 200 pages of attached documents which purportedly support the factual allegations

19  against the defendants.  This pleading method does not, however, satisfy the requirement of

20  Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.

21  To the contrary, plaintiff's complaint would require the court to comb through over 200 pages of

22  documents in order to even guess at plaintiff's claims.  The court is unwilling to do this in part

23  due to limited judicial resources but also because it is for plaintiff – not the court – to formulate

24  his claims.

25          Because it is possible that the deficiencies identified in this order may be cured by

26  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

2

1   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

2   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

3   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

4   amend, all claims alleged in the original complaint which are not alleged in the amended

5   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

6   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

7   plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

8   complete in itself without reference to any prior pleading.  See id.

9         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

11  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

12  each named defendant is involved, and must set forth some affirmative link or connection

13  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

14  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15        Plaintiff is also warned that failure to file an amended complaint within the time

16  provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at  1260-

17  61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with

18  Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See

19  Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

20        Finally, plaintiff seeks the appointment of counsel.  The United States Supreme

21  Court has ruled that district courts lack authority to require counsel to represent indigent

22  prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).

23  In certain exceptional circumstances, the court may request the voluntary assistance of counsel

24  pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

25  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional

26  circumstances" requires an evaluation of both the likelihood of success on the merits and the

3

1    ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

2    issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be

3    viewed together before reaching a decision.  See id.

4                    In the present case, the court does not at this time find the required exceptional

5    circumstances.   As to plaintiff's ability to proceed on his own, plaintiff states only that he has

6    limited legal knowledge, that his incarceration will hinder his ability to litigate this case, and his

7    medical conditions, including diabeties and hepatitis, will make it difficult for him to litigate this

8    case on his own.  The court finds that this is insufficient to establish that plaintiff cannot

9    articulate his claims without counsel.  As to the likelihood of success on the merits, plaintiff has

10   made no showing whatsoever.

11                    Accordingly, IT IS HEREBY ORDERED that:

12                    1.      Plaintiff shall submit on the form provided by the Clerk of the Court,

13   within 30 days from the date of this order, a complete application for leave to proceed in forma

14   pauperis, with the required certified copy of his trust account statement, or the appropriate filing

15   fee;

16                    2.      The Clerk of the Court is directed to send plaintiff a new form Application

17   to Proceed In Forma Pauperis By a Prisoner;

18                    3.      Plaintiff's  complaint is dismissed with leave to amend;

19                    4.      Plaintiff shall file an amended complaint within 30 days of the date of

20   service of this order; and

21                    5.      Plaintiff's request for the appointment of counsel (Doc. 5) is denied.

22

23   DATED: April 16, 2013

24                                                    _____
                                                      CRAIG M. KELLISON
25                                                    UNITED STATES MAGISTRATE JUDGE

26

                                                        4